IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Roger D. Burress,               ) C/A No. 2:14-4204-JMC-MGB
                                    )
              Petitioner,   )
                                    )
v.                                  ) **REPORT AND RECOMMENDATION**
                                    )
Maria Cruz,                   )
                                    )
              Respondent.   )
                                    )
_____   )

Petitioner Roger D. Burress ("Petitioner") is a federal prisoner currently incarcerated at Federal Correctional Institution Allenwood Low in Allenwood, Pennsylvania.[1] Petitioner, proceeding pro se and in forma pauperis, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the 210-month sentence imposed upon him by the United States District Court for the Southern District of West Virginia on January 1, 2005. See United States v. Burress, 177 F. App'x 278 (4th Cir. 2006); see also Dkt. No. 1. This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for initial screening.

### PRO SE HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Cases in the United

---

[1]Petitioner originally filed the instant petition in the United States District Court for the Southern District of West Virginia. (See Dkt. No. 1; Dkt. No. 3.) However, because Petitioner was incarcerated at FCI Williamsburg at the time he filed the petition, the Honorable R. Clarke VanDervort issued an order transferring the case to the United States District Court for the District of South Carolina. (Dkt. No. 3.) On or about December 12, 2014, Petitioner filed a Notice of Change of Address, indicating he is now incarcerated at FCI Allenwood Low. (Dkt. No. 13.) Even though Petitioner is no longer incarcerated in this district, this court is not divested of jurisdiction. See Warren v. United States, Civ. A. No. 3:10-1245-MBS-JRM, 2011 WL 4435655, at *2-5 (D.S.C. Sept. 23, 2011).

States District Courts,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se petitions are held to a less stringent standard than those drafted by attorneys; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); and a federal court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially-meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990). Such is the case here.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 210 months of imprisonment. See Burress, 177 F. App'x at 279; see also Dkt. No. 1 at 1 of 8. Petitioner filed a direct appeal; on April 18, 2006, the Fourth Circuit affirmed his conviction and sentence. See Burress, 177 F. App'x 278. According to Petitioner, he filed a motion pursuant to 28 U.S.C. § 2255 but did not receive an evidentiary hearing. (Dkt. No. 1 at 3 of 8.) On June 17, 2010, Judge Copenhaver dismissed Petitioner's § 2255 motion as untimely. See Burress v. United States, Civ. A. No. 2:10-cv-34 (S.D. W. Va. June 6, 2010). On November 3, 2010, the Fourth Circuit issued an order denying Petitioner's request for a certificate of appealability on Petitioner's attempt

---

[2] The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. See Rule 1(b).

2

to appeal the district court's dismissal of his § 2255 motion as untimely. <u>See United States v. Burress</u>, 400 F. App'x 780 (4th Cir. 2010).

Petitioner filed the instant § 2241 petition in the United States District Court for the Southern District of West Virginia on or about October 23, 2014; the case was transferred to this Court on October 29, 2014. (Dkt. No. 1; Dkt. No. 3.)

## DISCUSSION

Petitioner asserts in Ground One that he is "being denied due process by [his] B.O.P. Counselor Ms. Edwards [who] refuses to respond to [his] B-P #8." (Dkt. No. 1 at 6 of 8.) In Ground Two, Petitioner states (verbatim),

> The Federal Government does not have legislative or subject matter jurisdiction to usurp the powers of the State of West Virginia and the people. The powers not delegated to the U.S. by the Constitution, nor prohibited by it to the states respectively or to the people, as the 10th Amendment made clear. The states possess[] primary authority for defining and enforcing criminal law. . . .

(Dkt. No. 1 at 6-7 of 8.)[3]

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." <u>Rice v. Rivera</u>, 617

---

[3] The undersigned notes that Ground One is not cognizable in a § 2241 proceeding. <u>See Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures . . . ."); <u>McGee v. Scism</u>, 463 F. App'x 61, 63 (3d Cir. 2012) ("To the extent that McGee complained about the temporary loss of telephone privileges or the transfer to administrative segregation, his claims were not cognizable in habeas. Neither claim was a challenge to the fact or duration of imprisonment, which is the essential purpose of the writ of habeas corpus." (citing <u>Prieser v. Rodriguez</u>, 411 U.S. 475, 484, 498-99 (1973))). To the extent Petitioner asserts in Ground Two that the statute under which he was convicted is unconstitutional, such an argument is without merit. <u>See United States v. Wells</u>, 98 F.3d 808, 810-11 (1996); <u>see also Williams v. Sanders</u>, Civ. A. No. 2:10-558-MBS-RSC, 2010 WL 2085136, at *2 (D.S.C. Mar. 24, 2010), adopted at 2010 WL 2085518 (D.S.C. May 20, 2010) ("His petition designates § 2241 as the appropriate statute, but his request for this sentencing court to dismiss his conviction and sentence as void and unconstitutional sounds appropriate under § 2255.").

F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en

banc)).  Generally speaking, "a § 2255 motion 'attacks the legality of detention,'" Brown v.

Rivera, Civ. A. No. 9:08-cv-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. Apr. 7, 2009)

(quoting Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996), and citing United States v.

Miller, 871 F.2d 488, 489-90 (4th Cir. 1989)), whereas a § 2241 habeas petition generally

challenges the execution or implementation of a federal prisoner's sentence, such as parole

matters, computation of sentence by prison officials, prison disciplinary actions, and prison

transfers.  See United States v. Little, 392 F.3d 671, 678-80 (4th Cir. 2004); United States

v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the

"computation and execution of the sentence [and] the sentence itself").

Only if a federal prisoner can satisfy the savings clause of § 2255 may he pursue

relief through a § 2241 habeas petition.  See San-Miguel v. Dove, 291 F.3d 257, 260-61

(4th Cir. 2002); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).[4]  The fact that relief under

§ 2255 is barred procedurally or by the gate-keeping requirements of § 2255 does not

render the remedy of § 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332-33;

 Chisholm v. Pettiford, Civ. A. No. 606-2032-PMD-WMC, 2006 WL 2707320, at *2 (D.S.C.

Sept. 18, 2006); Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001) aff'd, 291

---

[4]The "savings clause" states:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
28 U.S.C. § 2255(e).

4

F.3d 257 (4th Cir. 2002), <u>cert. denied</u>, 537 U.S. 938 (2002). To trigger the savings clause of § 2255(e), and proceed under § 2241, requires that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>Jones</u>, 226 F.3d at 333-34.

Petitioner's case does not trigger the savings clause of § 2255(e). Petitioner does not allege that the conduct for which he was sentenced, <u>i.e.</u> being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), has been rendered non-criminal by any substantive law change, and he is not entitled to proceed under § 2241. Therefore, the petition should be dismissed.

## RECOMMENDATION

Based on the foregoing, it is recommended that the instant § 2241 Petition be dismissed without prejudice and without requiring Respondent to file a return. Petitioner's attention is directed to the important notice on the next page.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

January 29, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).